GULLY, TAX COLLECTOR, *v.* SOWELL *et al.*

(Division B.   Dec. 11, 1933.)

[151 So. 376.   No. 30803.]

(Division B. March 19, 1934.)

[153 So. 523. No. 30803.]

May, Sanders, McLaurin & Byrd, of Jackson, for appellant.

J. Morgan Stevens, of Jackson, amicus curiae.

J. W. Backstrom, of Leakesville, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellee Sowell, having been duly elected, became the qualified and acting sheriff and tax collector in and for the county of Greene for the constitutional term beginning on the first Monday in January, 1932. On that day the Bank of Leakesville became the duly selected and qualified depository for said county, and so continued until the 10th day of March, 1932, when it closed its doors and went into the hands of the state banking department for liquidation.

During the interval of time aforesaid, appellee sheriff and tax collector deposited in said county depository the public funds collected by him, and at the time of the failure of said bank there was on deposit, of such funds so deposited by appellee as sheriff and tax collector, a balance of more than three thousand dollars. This balance was admitted by the banking department to be trust funds payable by way of preference, but has not been paid promptly because of the delay incident to bank liquidations. The state tax collector sued the sheriff and tax collector for said balance, with penalties, contending that the sheriff and tax collector was not protected by his depositing in the county depository, but that a special depository must be selected for the funds of the sheriff and tax collector under chapter 215, Laws 1932.

The chapter just mentioned does not apply to counties where there is a regular county depository, duly select-

ed and qualified under the general depository laws. Chapter 215, Laws 1932, was an emergency act. At the time of its passage, many banks had failed and numbers of counties were without banks within their borders. Sheriffs and tax collectors were experiencing extreme difficulty in procuring bonds in surety companies because of the want of regular county depositories. An appeal was made by them to the Legislature, and chapter 215, Laws 1932, was the result; and the opening sentence of its first section plainly discloses its purpose and application, namely, that it should be availed of "in any county in this state where no depository or depositories were selected and qualified, as provided by law, on or before the first Monday of January, 1932," etc. The county of Greene was not in the class covered by the act, and the deposit by appellee in the regular county depository of that county afforded him full protection against this suit.

Affirmed.

## On Suggestion of Error.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

It was the main contention, and the only contention to which argument was directed, by appellant in the original consideration of this case, "that the sheriff and tax collector was not protected by his depositing in the county depository, but that a special depository must be selected for the funds of the sheriff and tax collector under chapter 215, Laws 1932." We so understood the argument of appellant, and the able and discriminating attorney for appellee so understood it, the opening statement of his brief in response to the brief of appellant being as follows: "The only proposition raised by appellant upon which he asks this court to reverse the decision of the chancellor, is that the board of supervisors did not after the passage of chapter 215, Laws 1932,

designate specifically, by an order spread on its minutes, a depository for the tax collector's account.''

In our written opinion ruling adversely to the stated contention of appellant, and holding that chapter 215, Laws 1932, had no application so far as concerned the point relied upon by appellant, the opinion inadvertently carried language which would apparently commit us to the proposition that the chapter had no application in any respect or in any other feature so far as concerns a county where there was a regular county depository. But such a construction of the statute as that last mentioned would not be correct, for section 3, in particular, of chapter 215, Laws 1932, applies to counties having a regular county depository, as well as to counties selecting an emergency depository under that chapter.

Certainly it would not be, and was not, the purpose of the Legislature to place the tax collectors in those counties having a regular county depository, selected in the ordinary manner upon bids, at any disadvantage as compared with tax collectors in counties wherein a tax collector's emergency depository was selected under the chapter mentioned. And this is made fairly clear by said section 3, which reads as follows:

''That upon the selection of any county depository, either upon bids therefor or by designation of the board of supervisors or the state superintendent of banks and such designated bank becoming qualified as required by law, the tax collector of such county or counties shall deposit all funds collected therein and thereafter make a transfer to the several accounts and funds as now required by law of him in making his settlements; and, upon so depositing such funds when collected, the tax collector shall thereupon be relieved and discharged from further liability therefor excepting for such amounts as the tax collector may withdraw or cause to be withdrawn from his account or accounts and to which he is not legally entitled.''

Thus it is to be observed that by express language

that section is made to include counties where the depository has been selected upon bids therefor, and that, of course, means the regular or ordinary county depository, and the language is further that "the tax collector of such county . . . shall deposit all funds collected therein and thereafter make a transfer to the several accounts and funds as now required by law of him in making his settlements." The record before us shows that the regular county depository here had furnished security in an amount sufficient to cover the sheriff and tax collector's deposits as well as the funds already distributed, but we intimate nothing in that matter as to whether the sheriff and tax collector is under any duty to see to it that said security is sufficient.

There are many accounts or funds to which the taxes collected in the county, by the tax collector thereof, are to be distributed. In some of the larger counties there are more than one hundred of such different accounts or funds. It would be a physical impossibility, with a clerical force of reasonable size, during the months of the heavier collection of taxes, for the tax collector and the county auditor to figure out the distribution at the end of each day for the collections made that day, and hence the reasonable provision that the tax collector shall make his deposits "and thereafter make transfer to the several accounts and funds."

The sheriff and tax collector is required by the absolute mandate of the statute to deposit in the county depository all public funds collected by him. He is given no option, no means to take care of himself other than that so furnished. The result is that it is lawful for the tax collector to make his daily deposits of his tax collections in the county depository to his credit as sheriff and tax collector; and if thereafter, on or before the dates fixed by law to make his settlements, he transfer the said collections to the several funds and accounts, duly observing the several requirements of the law in performing that duty, he and

his bondsmen are protected as to the deposits thus made, and in respect to which the due date for distribution and settlement has not arrived, as is the case here. The facts supported by the testimony when viewed in the light of the decree of the chancellor show that the sheriff and tax collector in this case made his settlements and distributions at the time and substantially in the manner prescribed by law, and he is therefore not liable for the funds deposited in the regular county depository, but not transferred or distributed, there having been no default on his part in that regard.

Suggestion of error overruled.